IN RE TERI BRADFORD,

|  | Bankruptcy Case Number |
|  | 25-80703-CRJ-7 |

Debtor,

TERI BRADFORD,

Plaintiff,

Adversary Proceeding No.

v.

AMERICOR FUNDING, LLC DBA
AMERICOR FINANCIAL,

Defendant.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Teri Bradford ("Bradford"), makes the following allegations in her complaint against the Defendant, Americor Funding, LLC dba Americor Financial ("Americor").

## PARTIES

1. Bradford is the debtor in the above-referenced Chapter 7 bankruptcy case commenced on April 9, 2025.

2. Americor is a corporation organized and existing under the laws of the state of Delaware. At all times material to this complaint, Americor regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the state of Alabama lying within this court's district and division. Bradford did business with Americor within this district and division, and it is these business transactions that give rise to this litigation.

## JURISDICTION

3. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Bradford's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Bradford and the Defendant. Consequently, this is a core proceeding, and this court has

jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

## BACKGROUND FACTS AND NATURE OF ACTION

4. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 1007(a) and 11 U.S.C. §521(a), the debtor filed with her petition a list of creditors with their names and addresses. Contained in that list was Americor.

5. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 2002 and 11 U.S.C §342, the Clerk sent notice of the debtor's Chapter 7 bankruptcy filing to Americor via electronic transmission through the Bankruptcy Noticing Center on April 11, 2025. (See Exhibit 1 – BNC Certificate of Notice).

6. As a result of Americor being included in the list of creditors filed by the debtor with her petition and the Clerk's sending of notice of her bankruptcy filing to Americor, the Defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Bradford's bankruptcy case.

7. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Bradford's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Americor from attempting to collect from Bradford any pre-petition obligation owed by Bradford to Americor.

8. The Plaintiff asserts that despite having both notice and actual knowledge of the commencement of Bradford's bankruptcy case, Americor applied post-petition funds to a prepetition debt owed by Bradford to Americor in an act to exercise control over property of the estate, an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title, and the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor in violation of 11 U.S.C. §362(a)(3), 11 U.S.C. §362(a)(6), and 11 U.SC. §362(a)(7).

9. Bradford brings this action to recover the actual damages she has sustained as a result of the defendant's willful violations of the automatic stay in this case and to recover

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).

compensatory and punitive damages from the defendant for those violations under 11 U.S.C. § 362(k) of the Bankruptcy Code, which provides that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages."[2] In the case of *Parker v. Credit Central South, Inc.* (*In re Parker*), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

## CLAIM – VIOLATION(S) OF THE AUTOMATIC STAY

10. Despite the imposition of the automatic stay by the commencement of the Debtor's bankruptcy case and having both notice and actual knowledge of the commencement of the Debtor's bankruptcy case, Americor applied post-petition funds to a prepetition debt. The Plaintiff asserts that the Defendant's actions constituted an act to exercise control over property of the estate, an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title, and the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor in violation of 11 U.S.C. §362(a)(3), 11 U.S.C. §362(a)(6), and 11 U.SC. §362(a)(7).

11. After receiving notice of the debtor's bankruptcy case on April 11, 2025, Americor sent an email to Bradford on April 22, 2025 acknowledging the cancellation of the debtor's account with Americor. (See Exhibit 2 – Americor Email 4-22-25).

12. On April 25th and April 28th of 2025, Americor applied the debtor's funds on hand to satisfy a prepetition debt, including payments to creditors and fees to Americor, totaling $599.72. (See Exhibit 3 – Debtor's Online Americor Statement). The Plaintiff asserts that the post-petition application of the debtor's funds by Americor towards a prepetition debt constituted an act to exercise control over property of the estate, an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title, and the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor in violation of 11 U.S.C. §362(a)(3), 11 U.S.C. §362(a)(6), and 11 U.SC. §362(a)(7).

---

[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

13. The Plaintiff asserts that the Defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14. Bradford has sustained injury and damage as a result of the defendant's willful, intentional, and continuing violations of the automatic stay. The defendant's actions have left the debtor without the necessary funds to make her Chapter 13 bankruptcy plan payments and afford basic necessities. Under 11 U.S.C. §362(k)(1), Bradford is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Americor for its willful and intentional violations of the automatic stay. The post-petition collection activity, after electronically receiving notice of Bradford's bankruptcy, indicates that Americor does not have proper policies and procedures to avoid violating the automatic stay.

**WHEREFORE**, Bradford asks this Court to enter an order:

(A) Awarding Bradford compensatory damages against Americor including the reasonable attorney's fees and costs incurred by Bradford in the preparation and prosecution of this adversary proceeding;

(B) Awarding Bradford punitive damages against Americor for its willful and intentional violations of the automatic stay, such damages being intended to instill in Americor and other creditors due respect for this court and its orders and to deter them from taking similar action against Bradford and similarly situated debtors in the future;

(C) Voiding the debt owed to Americor by Bradford; and

(D) Granting Bradford any additional or different relief this court deems appropriate.

Dated: 4/29/2025

Respectfully submitted,

/s/ *John C. Larsen*_____
John C. Larsen
Michael A. Wilkins
Counsel for Debtor/Plaintiff,
Teri Bradford

OF COUNSEL:

LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com
michael@jlarsenlaw.com